Bruno J. Jagelski, OSB 90304
bjagelski@yturrirose.com
Carl Burnham, Jr., OSB 64008
cburnham@yturrirose.com
YTURRI ROSE LLP
P.O. Box 'S'
Ontario, Oregon  97914
Telephone: (541) 889-5368
Facsimile: (541) 889-2432
   Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ALLEN HAMILTON** and **LOIS HAMILTON** husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>**SILVEN, SCHMEITS & VAUGHAN, P.C.**, an Oregon Professional Corporation, and **ALAN J. SCHMEITS**,<br><br>    Defendants. | Case No. 09-CV-1094 SU<br><br>DEFENDANTS' CONCISE STATEMENT OF FACTS |

**Concise Statement of Facts**

Pursuant to LR 56.1, Defendants Silven, Schmeits & Vaughan, P.C. and Alan J. Schmeits present the following statement of undisputed facts in support of their Motion for Summary Judgment:

    1.  Plaintiffs Allen and Lois Hamilton retained Defendants Alan J. Schmeits and Silven, Schmeits, and Vaughn, P.C., to represent them in the defense of the matter of Edward and Patricia

Page 1 - DEFENDANTS' CONCISE STATEMENT OF FACTS

<u>Elms, Trustees of the Elms Family Trust, Plaintiffs, v. Allen Hamilton and Lois Hamilton, husband and wife, Defendants, v. American General Finance, Inc., a Washington Corporation, Co-Defendant</u>, Baker County Circuit Case No. 06-529.  The Elms filed numerous motions for summary judgment and motions to dismiss, which the Court heard on August 22, 2007.  On August 27, 2007, Judge Russell B. West granted Summary Judgment against Plaintiffs' First, Third, Fourth, and Sixth Claims for Relief.  The Court granted the Elms' Motion to Dismiss on Plaintiffs' Fifth, Seventh, and Eighth Claims for Relief.  On October 31, 2007, Judge West granted judgment in favor of the Elms' disposing of all claims, Quieting Title and Ejecting Plaintiffs from the Property and Enjoining Plaintiffs from making any further claim.  (See Exhibits 1-3, and Exhibits 10-20.)

    2.  On September 10, 2007, Defendants filed a Motion to Withdraw as Plaintiffs' attorney of record which was allowed on September 12, 2007.  Defendants withdrew due to a difference of opinion with Plaintiffs over the past employment of Plaintiff Lois Hamilton for the Elms' attorney, J. David Coughlin.  Plaintiffs failed to re-plead their eighth claim for relief and Judge West dismissed it under default on October 12, 2007.  Plaintiffs appealed Judge West's dismissal of their eighth claim for relief to the Oregon Court of Appeals.  The Court of Appeals dismissed Plaintiffs' appeal on December 29, 2008.  Plaintiffs filed suit against Defendants on July 23, 2009. (See Exhibits 1, 19, 27-30.)

Page 2 - DEFENDANTS' CONCISE STATEMENT OF FACTS

3. The underlying litigation *Elms v. Hamilton, et. al*, Case No. 06-529, arose out of a property dispute over the use and rights to a portion of the Elms' property that abutted Plaintiffs property. Plaintiffs claimed ownership rights to a five foot strip of land owned by the Elms. The strip of land was on the southernmost portion of the Elms' property, forming the northern border of Plaintiffs' property. The Elms owned a chain link fence that was constructed five feet north of the southern boundary of their property. Plaintiffs planted a garden on the five foot strip of land in dispute up to the Elms' chain link fence. A garage owned by Plaintiffs was partially situated in the disputed five foot strip of land. Plaintiffs also claimed an easement over the Elms' vacated Sixth Street property to access a portion of Plaintiffs' property. Plaintiffs sought to have the Elms prohibited from building a fence on their property and prevent Plaintiffs from accessing their property. (Exhibits 2-3.)

4. Through the course of litigation, Plaintiffs alleged that they were entitled to the use and ownership of the disputed property because they acquired the property through adverse possession, easement by prescription, easement by implication, and easement by estoppel. Further, Plaintiffs alleged that the Elms engaged in Fraud in the Sale of Real Property and American General Finance was in breach of the Warranty Deed. (Exhibit 2.)

5. Plaintiffs' real property is located in Baker County, Oregon, and borders property owned by Edward and Patricia Elms,

Trustees of the Elms Family Trust ("the Elms"). Plaintiffs purchased the property from American General Finance, Inc. ("American General") on January 14, 2002. American General received the property from Joe and Lisa Emery ("the Emerys") through a Deed in Lieu of Foreclosure on May 4, 2001. The Emerys purchased the property from Edward Elms on December 10, 1992. The Warranty Deed conveying the property to the Emerys, American General Finance, and Plaintiffs specifically described the property owned by Plaintiffs. Plaintiffs do not own any less property than is described in the Warranty Deed. Further, the Warranty Deed makes no mention of any easement or adverse possession of the property. (Exhibits 6-8.)

6. Plaintiffs' predecessors in interest, the Emerys, never claimed or believed that their property rights extended beyond the specific legal description stated in the Warranty Deed. At the time of conveyance to the Emerys, Edward Elms did not intend to create an easement. (Exhibit 4, ¶¶ 4, 6-7; Exhibit 5, ¶¶ 3-6.)

7. The Emerys regularly used the driveway off of Myrtle Street to access the property. Occasionally, and with the Elms' permission, the Emerys used the Elms' vacated Sixth Street to access the back of the property. Plaintiffs, after taking ownership of the property, moved a small building in the back of the property to the front southeast corner of the property, blocking the driveway used by the Emerys. The Emerys never claimed an easement extended to the vacated Sixth Street property. After

Plaintiffs blocked the driveway off of Myrtle Street, they used the Elms' property to access their property. (Exhibit 4, ¶¶ 5-6; Exhibit 21.)

8.   Plaintiffs claimed the Elms' trespassed on their property by spraying 2,4-D. Plaintiffs also claimed personal injury as a result of the spray. The area of the Plaintiffs' garden that was allegedly sprayed was in fact the southernmost five foot strip of the Elms' property. There is no evidence of contamination of Plaintiffs' property and the Plaintiffs have rented the property since 2007. The alleged toxic chemical exposure occurred in June of 2006. Lois Hamilton did not seek treatment until 2010, four years later. Plaintiff Lois Hamilton's medical records do not support her claim for chemical poisoning. Plaintiff Allen Hamilton never sought medical treatment for the alleged chemical poisoning in 2006. (Exhibits 22-26, 31-37.)

DATED this 26th day of January, 2011.

YTURRI ROSE LLP

 /s/ Bruno J. Jagelski
Bruno J. Jagelski, OSB #90304
Telephone: 541/889-5368
Of Attorneys for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2011, I filed the foregoing DEFENDANTS' CONCISE STATEMENT OF FACTS electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Marianne G. Dugan
Attorney at Law
259 E 5th Ave, Suite 200-D
Eugene OR 97401
mdugan@mdugan.com
 Of Attorneys for Plaintiffs


YTURRI ROSE LLP


 /s/ Bruno J. Jagelski
Of Attorneys for Defendants

CERTIFICATE OF SERVICE