Marianne Dugan, Attorney
OSB # 93256
259 E. 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072
Fax 866-650-5213
mdugan@mdugan.com

      Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| ALLEN HAMILTON and LOIS HAMILTON, | CASE NO. D. Or. 09-cv-01094-SU |
|     Plaintiffs, | |
| | AFFIDAVIT OF ANNETTE HANSEN |
|     v. | |
| SILVEN, SCHMEITS AND VAUGHAN, P.C., and ALAN J. SCHMEITS, | |
|     Defendants. | |

PHILLIP HANSEN
March 3, 2011
(435) 590-7446
643633 N. 4475 W.
Cedar City, Utah 84720

Dear Mr. and Mrs. Hansen:

In February of 2010 we contacted you regarding the house and property at 2520 Myrtle Street, Baker City, Oregon that you purchased. Records show that you Phillip D. Hansen and Annette Hansen, purchased the property on December 31, 1986 from Edward H. Elms and Patricia A. Elms by a Memorandum of Land-Sale Contract #87 01 029. Records further show that on October 27, 1988 your contract with Elms was terminated through and Recorded on Memorandum of Sale #8701029.

Please answer the following questions regarding that property and have it notarized and mail it back to us at Allen and Lois Hamilton 638 Park Road, Winlock, WA. 98596. If you have any questions please call us at (360) 785-9595. Thank you.

Did you purchase the property at 2520 Myrtle Street in Bake City, Oregon from Edward and Patricia Elms in 1986? ___yes___.

When you purchased the property was there an eight foot high chain link fence located on the North side of the property which divided your property from Mr. Elms property? ___yes___.

Did you believe that the eight foot chain link fence located on the North side of the property belonged to Mr. Elms? ___yes___.

Did you believe the eight foot chain link fence located on the North side of the property was the boundary line between your property and Mr. Elms property? ___yes___.

Did Mr. Elms ever tell you that the eight foot chain link fence located on the North side of the property was not the boundary line? ___no___.

Did you use the property up to that eight foot chain link fence located on the North side of your property? ___yes___.

Did Mr. Elms ever tell you that he owned five feet of the property South of the eight foot chain link fence located on the North side of your property? ___no___.

Did you allow Mr. Elms access to the five feet South of the eight foot chain link fence located on the North side of the property to mow, maintain, weed, spray chemicals on, or drive a four wheeler on, or any other equipment? ___no___.

Located in the North East corner of the property there is a garage. Was the garage there when you purchased the property? ___yes___.

Approximately how far behind the garage was the eight foot chain link fence located on the North side of the property? _____?_____.

Did Mr. or Mrs. Elms ever inform you that the property boundary line went through approximately two and one half feet of the North end of the garage? __no__.

Did Mr. Elms ever use the approximately two and one half feet on the North end of the garage? __no__.

Did Mr. Elms drive a four wheeler behind the garage between the garage and the eight foot chain link fence located on the North side of the property located. __no__.

Was it possible to drive a vehicle behind the garage and the the eight foot chain link fence located on the North side of the property? __no__.

If no, please explain why it was not possible to drive a vehicle behind the garage and the eight foot chain link fence located on the North side of the property.

Did you ever move the garage? __not enough Room__.

Do you believe the garage is in the same location that it was when you owned the property __To the best of my knowledge__.

### 6th Street

The part of Sixth Street located to the East of the property at 2520 Myrtle Street is just a short street because it dead ends at the railroad tracks. Only three properties adjoined it. Mr. Elms P&E Distributors to the North, Hansens home to the West, and Mr. Gibbs empty lot to the East. The rail road also had a shack along the tracks.

Did you use 6th Street to enter your property? __yes__.

Did you use 6th Street to access your back door? __yes__.

Did you use 6th Street to access your garage? __yes__.

Did you use 6th Street to access your wood shed? __yes__.

Did you use 6th Street to access your root cellar? __yes__.

Did you use 6th Street to access your parking area? __yes__.

Did you use 6th Street to access your drive way located in the rear of the house? __yes__.

Did others use 6th Street to access your property? __yes__.

Did you use 6th Street as your primary access to the rear of your property? __yes__.

Did you ask Mr. or Mrs. Elms permission to use 6th Street as an access to your property? __no__.

Did Mr. or Mrs. Elms ever tell you that you could not use 6th Street to access your property? __no__.

I make this sworn statement from my personal knowledge and am competent to testify to the matters stated herein.

DATED this _____ day of _____, 2011

_____
Phillip D. Hansen

and/or- whom ever filled out the preceding two pages.

_____
Annette Hansen

SIGNED and SWORN to before me on MARCH 24, 2011

_____
Lucas C. Rowley
Name of Notary

Notary Public for the State of UTAH
My Commission expires: 12/18/2011

LUCAS C. ROWLEY
NOTARY PUBLIC
STATE OF UTAH
COMM. # 572196
COMM. EXP. 12-18-2011

Page 3 of 3