IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALLEN HAMILTON** and **LOIS HAMILTON**, | Case No. 2:09-cv-01094-SI |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| **SILVEN, SCHMEITS & VAUGHAN, P.C.** and **ALAN J. SCHMEITS,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Allen and Lois Hamilton ("the Hamiltons" or "Plaintiffs") filed an action alleging legal malpractice against Alan J. Schmeits, Esq. and the law firm Silven, Schmeits & Vaughan, P.C. (collectively, "Defendants"). Plaintiffs' claim is based on Defendants' legal representation of Plaintiffs in an underlying property dispute lawsuit brought in Oregon state court against Plaintiffs by their then-neighbors, Mr. and Mrs. Elms. In the underlying case, Plaintiffs filed counterclaims against Mr. and Mrs. Elms, and the state court entered judgment against the Hamiltons on all claims and counterclaims. The Hamiltons then filed this action, alleging breach of contract and legal malpractice in Oregon state court, which Defendants improperly removed to

PAGE 1 – OPINION AND ORDER

this Court.[1] The Court dismissed Plaintiffs' breach of contract claim on Defendants' motion for summary judgment without objection by Plaintiffs.

On September 17, 2013, a jury trial began on Plaintiffs' claim of legal malpractice. All parties were represented by counsel. After seven days of trial, an eight-person jury unanimously rendered its verdict on September 25, 2013. In its verdict, the jury answered the question "Were Defendants negligent in one or more of the ways claimed by Plaintiffs?" by responding "Yes." The jury answered the next question "Was Defendants' negligence a cause of damages to Plaintiffs?" by responding "No." Dkt. 331 (Verdict).

## DISCUSSION

On September 30, 2013, Plaintiffs, acting *pro se*,[2] filed three motions: (1) Plaintiffs' Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial (Dkt. 333); (2) Plaintiffs' Motion for Attorney's Fees (Dkt. 335); and (3) Plaintiffs' Motion to Deny Attorney's Fees to Defendants (Dkt. 334). For the following reasons, all three motions are DENIED.

### A. Plaintiffs' Two Motions Challenging the Jury's Verdict

Plaintiffs have moved for Judgment Notwithstanding the Verdict, which the Court construes as a Renewed Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50(b). Dkt. 333. Plaintiffs also have moved, in the alternative, for a new trial under Fed. R. Civ. P. 59. Dkt. 333. Neither motion has merit.

---

[1] Defendants' removal was improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2), but Plaintiffs failed to move for remand within 30 days, thereby waiving that objection. 28 U.S.C. § 1447(c). This action then proceeded to resolution by jury trial.

[2] On October 1, 2013, Plaintiffs' counsel, without leave of court, filed a Notice of Withdrawal as Counsel of Record for Plaintiffs (Dkt. 336).

### 1.  Renewed Motion for Judgment as a Matter of Law

Plaintiffs failed to move for judgment as a matter of law in a timely fashion. Such a motion must be made "before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). Because a motion for judgment as a matter of law was not timely made, Plaintiffs may not now file a "Renewed Motion for Judgment as a Matter of Law." Fed. R. Civ. P. 50(b).

Although this procedural deficiency is sufficient for the Court to deny Plaintiffs' motion for "judgment notwithstanding the verdict," which is properly referred to in federal court as a "Renewed Motion for Judgment as a Matter of Law," the Court will nonetheless explain why Plaintiffs' motion also fails on the merits. A motion for judgment as a matter of law (or a renewed motion) is only appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party" against whom the motion is made. Fed. R. Civ. P. 50(a)(1). In *Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit stated:

> A jury's verdict must be upheld if it is supported by substantial evidence. . . . Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence.

*Johnson*, 251 F.3d at 1227 (citation omitted). The Ninth Circuit further explained that a trial court "may not substitute its view of the evidence for that of the jury" and that these are "bedrock principles delineating the trial judge's limited role in reviewing a jury's factual findings." *Id.*

Because the jury found in favor of Plaintiffs on the question of whether Defendants were negligent, the only relevant question now is whether there was a legally sufficient evidentiary basis for the jury to find against Plaintiffs on the question of whether Defendants' negligence caused damage to Plaintiffs. In the judgment of this Court, there was evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion.

The jury found that Defendants were negligent in representing Plaintiffs in the underlying case, although the jury did not explain the basis for this conclusion. The evidence at trial was sufficient to support several alternative theories of liability. First, Defendants may not have sufficiently explained to Plaintiffs what assistance, whether in terms of personal effort or financial support, was expected from Plaintiffs in pursuing their claims against the Elms. Second, Defendants might have been negligent in failing to advise Plaintiffs of a potential option under the Oregon Rules of Civil Procedure to dismiss their personal injury counterclaims against the Elms without prejudice before summary judgment was granted. The evidence at trial supports both of these theories.

The jury, however, ruled against Plaintiffs on the question of causation. According to the jury's verdict, Plaintiffs did not meet their burden of proving by a preponderance of the evidence that they ultimately would have prevailed on their personal injury dispute against the Elms had Defendants not been negligent. The jury essentially was asked whether, had Defendants handled the situation in the underlying dispute differently, would Plaintiffs eventually have prevailed against the Elms. In this legal malpractice lawsuit, it was the Plaintiffs' burden to prove that it was more probable than not that, except for Defendants' negligence, Plaintiffs would have prevailed. According to the jury's verdict, Plaintiffs did not meet their burden of proof on this question.

At the jury trial on legal malpractice, Plaintiffs presented evidence that, when viewed in the light most favorable to Plaintiffs, supports Plaintiffs' personal injury claims against the Elms. On the other hand, Defendants also presented evidence that, when viewed in the light most favorable to Defendants, supports Defendants' argument that Plaintiffs did not have a

meritorious personal injury claim against the Elms. All of this evidence was presented to the jury.

In our system of law, it is for the jury to decide disputed questions of fact, including causation of damage; it is not the role of the trial judge. In this case, both sides received a fair trial, and the jury has spoken. Thus, Plaintiffs' renewed motion for judgment as a matter of law is without merit. Plaintiffs' motion is denied.

### 2. Alternative Motion for New Trial

Regarding a motion for a new trial under Fed. R. Civ. P. 59(a), the Ninth Circuit has explained:

> The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based on false or perjurious evidence, or to prevent a miscarriage of justice.

*Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)). The Court has carefully considered these criteria and finds that none have been met in this case.

There is no indication of false or perjurious evidence, and there was a reasonable basis for the jury's verdict on the question of causation. The jury might have concluded that the evidence of trespass by Mr. Elms was insufficient to satisfy Plaintiffs' burden of proof. Further, concerning whether there is a causal link between the herbicide 2,4-D and Non-Hodgkin's Lymphoma, that issue was vigorously litigated by both sides, and the jury might have concluded that the toxicological and other evidence presented at trial was insufficient to satisfy Plaintiffs' burden of proof. Considering all of the evidence presented at trial, a reasonable jury could have reached a conclusion on either question or both in favor of Plaintiffs or in favor of Defendants. Thus, the verdict is not contrary to the clear weight of the evidence.

PAGE 5 – OPINION AND ORDER

For the same reasons, there also was not a miscarriage of justice. As stated above, both sides received a fair trial, and the jury has spoken. Plaintiffs' motion is denied.

## B.  Plaintiffs' Motion for Attorney's Fees

Under the "American Rule," attorney's fees ordinarily are not recoverable against the losing party in a lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). There are, however, two generally recognized circumstances that permit an award of attorney's fees to the prevailing party. The first is when a statute expressly provides for such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247-62 (1957). The second is when a contract includes a valid agreement providing for such an award. *See Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999). Neither exception applies here.

In addition, because the jury rejected Plaintiffs' claim, the prevailing parties are Defendants, not Plaintiffs. In this case, the jury found that Plaintiffs proved only one of the several required elements of Plaintiffs' cause of action. Thus, Plaintiffs are not entitled to recover their attorney's fees against Defendants, and Plaintiffs cite no law to the contrary in support of their motion. Plaintiffs' motion is denied.

## C.  Plaintiffs' Motion to Deny Attorney's Fees for Defendants

Defendants have not moved for an award of attorney's fees, making premature Plaintiffs' Motion to Deny Attorney's Fees for Defendants. Dkt. 334. For the reasons discussed in the previous section explaining the "American Rule," the Court is skeptical that Defendants would have any legal basis on which to request legal fees. If Defendants were timely to request their legal fees, the Court would consider any legal arguments provided by Defendants in support of such a motion as well as any legal arguments submitted by Plaintiffs in opposition. Now is not the time to address such hypothetical issues. Plaintiffs' motion is denied.

The Court notes, however, that Defendants have requested their "costs" by timely filing a Bill of Costs. Dkt. 340. Costs are generally allowable to a prevailing party even when attorney fees are not recoverable, and what constitutes an allowable or recoverable "cost" in federal court cases is defined and limited by statute. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920. Plaintiffs have not yet responded to Defendants' Bill of Costs, perhaps because they were waiting to learn the outcome of their pending motions. Now that these motions have been denied, Plaintiffs may have 14 days from the date of this Opinion and Order to respond to Defendants' Bill of Costs.

## CONCLUSION

For the reasons stated in this Opinion and Order, Plaintiffs' Motion for Judgment Notwithstanding the Verdict (Dkt. 333), Plaintiffs' Motion for Attorney's Fees (Dkt. 335), and Plaintiffs' Motion to Deny Attorney's Fees to Defendants (Dkt. 334) are DENIED. Judgment in favor of Defendants shall be entered forthwith. Plaintiffs shall have 14 days from the date of this Opinion and Order to respond to Defendants' Bill of Costs (Dkt. 340).

**IT IS SO ORDERED**.

DATED this 21st day of October, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge