Bruno J. Jagelski, OSB 90304
bjagelski@yturrirose.com
Carl Burnham, Jr., OSB 64008
cburnham@yturrirose.com
YTURRI ROSE LLP
89 SW Third Avenue
P.O. Box "S"
Ontario, Oregon  97914
Telephone:      (541) 889-5368
Facsimile:      (541) 889-2432
  Of Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **ALLEN HAMILTON** and **LOIS HAMILTON,** husband and wife,<br><br>  Plaintiffs,<br><br>v.<br><br>**SILVEN, SCHMEITS & VAUGHAN, P.C.,** an Oregon Professional Corporation, and **ALAN J. SCHMEITS,**<br><br>  Defendants. | Case No. 2:09-cv-01094-SI<br><br><br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS |

Defendants respond to Plaintiffs' objections to Defendants' Bill of Costs as follows:

**Prevailing Party:**

Plaintiffs' argument that it would be inappropriate to award costs to Defendants based on the jury's finding is without

merit.  This Court has already found that the Defendants were the prevailing party and are entitled to costs.  Dkt. 346.

**Indigency:**

Plaintiffs' claim of indigency, whether true or not, does not protect them from a judgment for costs.  Plaintiffs' citation to *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990), is misguided.  There, the Court was dealing with a party who proceeded *in forma pauperis*.  That is not the case here.  Furthermore, the Court held that a party proceeding *in forma pauperis* may still be ultimately liable for costs.  (Citing *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir. 1988)(per curiam).)  Finally, a distinction should be drawn based on the fact that the *Washington* case was a Title 7 litigation and the *in forma pauperis* rule arose out of that act.

Plaintiffs also rely upon *Harris v. Forsyth*, 742 F.2d, 1277 (11th Cir. 1984) and *Flint v. Haynes*, 651 F.2d 970 (4th Cir. 1981).  Neither of these cases stands for the proposition for which Plaintiffs cite them.  As in *Washington*, these cases involve situations in which the plaintiffs were granted leave to proceed *in forma pauperis*.  Also, as in *Washington*, the courts in these cases held that the district court may assess costs against an *in forma pauperis* plaintiff and found a lack of abuse in actually assessing those costs.  Plaintiffs' citation to

these cases is misleading and meritless. Defendants should be awarded at least the full amount of their costs.

**Removal and Default:**

Plaintiffs object to costs related to removal of the action to federal court on the basis removal was "improper." This Court has recognized that removal in contravention of the Forum Defendant Rule is nothing more than a procedural defect which may be waived by a party. Plaintiffs did not object to removal and therefore waived the right to object to removal and associated costs.

Plaintiffs' argument that default should have been entered against the Defendants early in the proceeding is frivolous. This issue was previously raised by Plaintiffs in Dkt. 112 filed on November 26, 2012. The falsehoods promoted by Plaintiffs were refuted by Defendants in Dkt. 113 and 114. This is the type of frivolous argument made by Plaintiffs throughout the course of this litigation which necessarily caused the parties to incur additional costs.

**Misconduct:**

Plaintiffs cite authority for the proposition that costs may be denied where the prevailing party has engaged in misconduct. Plaintiffs do not point to any misconduct on the part of any Defendant. To the contrary, all misconduct in this

case was perpetrated by Plaintiffs or their attorneys. As the Court noted during argument on Defendants' Motion for Judgment as a matter of law, Plaintiffs' conduct during trial was inappropriate. In addition, Plaintiffs falsely argued to the Court that Defendants did not make any attempt to settle the case. (See Dkt. 339, 343 and 344.) Perhaps most importantly, Plaintiffs testified and their counsel argued to the Court and jury that a compact disc contained photographs that were date-stamped on the dates the photographs were taken. Although not offered into evidence at trial, the disc was offered by Plaintiffs post-trial in support of their motions for JNOV and new trial, Dkt. 345. A review of the disc belies Plaintiffs' assertions that the photographs were date-stamped. The only dates on any of the photographs were very obviously added at a later time with additional notations. If misconduct is relevant to the issue of cost, only Plaintiffs' misconduct should be considered.

**Miscellaneous Objections:**

Defendants do not seek costs relating to any experts whose opinions were not called upon during trial. Plaintiffs' argument on this point is frivolous.

Plaintiffs object to the amount charged for trial exhibits outside of what is standard and necessary but fail to identify

any extraordinary expenses sought by Defendants. Defendants' costs were incurred in providing the Court and parties with the mandatory number of copies. Only 3 demonstrative exhibits were employed by the defense during trial. The cost for these was not extraordinary.

Plaintiffs object to costs associated with costs that are not properly documented, however, they fail to point out any such costs. The argument is frivolous.

**Plaintiffs' Request for Costs:**

The Court has already dealt with this issue. Dkt. 346. Plaintiffs were not the prevailing party and are not entitled to costs.

**Citation to Scripture:**

Plaintiffs' citation to scripture and plea for pity are improper attempts to prejudice the Court against Defendants and play upon the sympathies of the Court. These antics should be disregarded except to the extent they are considered as part of a continuing pattern of misconduct by the Plaintiffs.

///

///

///

///

///

**Conclusion:**

Plaintiffs have not stated any valid objections to Defendants' Bill of Costs. Defendants respectfully request that the Court award Defendants all costs sought in Defendants' Bill of Costs.

DATED this 11th day of November, 2013.

        YTURRI ROSE LLP


        /s/ Bruno J. Jagelski
        Bruno J. Jagelski, OSB #90304
        Telephone: (541) 889-5368
        Of Attorneys for Defendants

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 11th day of November, 2013, I filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS electronically through the CM/ECF system and served a true and correct copy of the foregoing RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS upon the plaintiffs by U.S. Mail, postage prepaid, at their last known address listed below:

    Allen and Lois Hamilton
    638 Park Road
    Winlock, WA  98596
        Plaintiffs

                YTURRI ROSE LLP


                /s/ Bruno J. Jagelski
                Bruno J. Jagelski, OSB #90304
                Telephone:  (541) 889-5368
                Of Attorneys for Defendants