IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALLEN HAMILTON** and<br>**LOIS HAMILTON**,<br><br>    Plaintiffs,<br><br>    v.<br><br>**SILVEN, SCHMEITS & VAUGHAN, P.C.**<br>and **ALAN J. SCHMEITS,**<br><br>    Defendants. | Case No. 2:09-cv-01094-SI<br><br>**OPINION AND ORDER** |

Plaintiffs Allen and Lois Hamilton filed an action alleging legal malpractice against Alan J. Schmeits, Esq. and the law firm Silven, Schmeits & Vaughan, P.C. (collectively, "Defendants"). Plaintiffs' claim is based on Defendants' legal representation of Plaintiffs in an underlying property dispute lawsuit brought in Oregon state court against Plaintiffs by their then-neighbors. In the underlying case, Plaintiffs filed counterclaims, and the state court entered judgment against Mr. and Mrs. Hamilton on all claims and counterclaims. Plaintiffs then filed this action in Oregon state court, which Defendants improperly removed to this Court.[1]

---

[1] Defendants' removal was improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2), but Plaintiffs failed to move for remand within 30 days, thereby waiving that objection. 28 U.S.C. § 1447(c).

PAGE 1 – OPINION AND ORDER

On September 17, 2013, a jury trial began on Plaintiffs' claim of legal malpractice. All parties were represented by counsel. After seven days of trial, an eight-person jury unanimously rendered its verdict on September 25, 2013. In its verdict, the jury answered the question "Were Defendants negligent in one or more of the ways claimed by Plaintiffs?" by responding "Yes." The jury answered the next question "Was Defendants' negligence a cause of damages to Plaintiffs?" by responding "No." Dkt. 331 (Verdict). Accordingly, Defendants are the prevailing party.

On October 4, 2013, Defendants submitted their Bill of Costs, seeking $14,816.30 in costs. Dkt. 340. Plaintiffs filed their response (Dkt. 349) and a supporting affidavit detailing their monthly income and expenses (Dkt. 351), and Defendants filed a reply brief. Dkt. 352. The Court then ordered Plaintiffs to submit additional information regarding their assets. Dkt. 353. Plaintiffs complied and filed information regarding their assets. Dkt. 356. Defendants then filed a supplemental reply in support of their cost bill. Dkt. 357.

Federal Rule of Civil Procedure 54(d) creates a presumption that costs will be awarded to the prevailing party, but vests the district court with discretion to refuse to award costs. *See Ass'n of Mexican-Am. Educators*, 231 F.3d 572, 591 (9th Cir. 2000). It is the burden of the losing party to overcome this presumption, and that burden may be met by evidence of the limited financial resources of the party against whom costs would be assessed. *See id.* at 592.

Defendants argue that Plaintiffs have not met this burden because Plaintiffs only filed information regarding their assets and "have not submitted any information whatsoever regarding monthly or annual household income," rendering it "impossible" to evaluate Plaintiffs' financial resources. Def's Reply Br. at 6. In making this argument, Defendants address only Plaintiffs' submission setting forth their assets (Dkt. 356), in response to this Court's Order, and

PAGE 2 – OPINION AND ORDER

ignore Plaintiffs original submission detailing their income and expenses (Dkt. 351).[2] The Court is satisfied that Plaintiffs provided adequate information regarding their income and expenses. Further, after Defendants filed their reply brief Plaintiffs provided copies of their federal income tax returns, which confirm Plaintiffs' prior representations regarding their income. Dkt 358.

Defendants also argue that the Court cannot deny costs based solely on limited financial resources, but that there must also be some additional factor, such as the litigation of an important "federal" or civil rights issue. The Court does not agree that its discretion is so cabined.[3] In fact, the Court of Appeals for the Ninth Circuit has repeatedly held that limited financial resources is one of the factors on which a court may base a denial of costs. *See, e.g.*, *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (listing limited financial resources as one of the "proper grounds" for denying costs); *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 (noting that limited financial resources is an approved reason for denying costs).

The Court has reviewed Plaintiffs' financial submissions and finds that the imposition of costs would create an undue financial burden. Mr. Hamilton is sixty-six years old and in poor health and Mrs. Hamilton has terminal non-Hodgkins lymphoma. Plaintiffs are on a fixed income. Plaintiffs' monthly income is approximately $1,685, which represents income from social security, social security disability, and their rental property.[4] Plaintiffs' monthly expenses

---

[2] It appears Defendants reviewed Plaintiffs' original submission at some point because, shortly after Plaintiffs filed their original response to the cost bill that detailed Plaintiffs' income and expenses, Defendants filed a reply in opposition to Plaintiffs' response. Dkt. 352.

[3] The Court notes, however, that the right to legal representation without negligence is important and actions asserting legal malpractice should not be available only to those with sufficient financial resources to pay a cost bill.

[4] Plaintiffs submitted a spreadsheet stating that their income is $1,595 and listing Mr. Hamilton's monthly social security income as $758 after a deduction for Medicare expenses. The social security benefit letter (Dkt. 351 at 4) and estimated 2012 income (Dkt. 358-2) submitted by Plaintiffs, however, do not include a deduction for Medicare expenses from

PAGE 3 – OPINION AND ORDER

total approximately $1,956. Thus, Plaintiffs' current monthly expenses are approximately $271 greater than their monthly income. Plaintiffs have demonstrated that they do not have the income to meet any additional financial obligation.

Plaintiffs' statement of assets further supports the Court's conclusion. Plaintiffs have no cash, money market account, retirement accounts, life insurance policies, annuities, stocks, bonds, or other liquid assets. Although Plaintiffs have some modest equity in real property, their income and expenses show that if they were to borrow money to pay costs, they do not have the monthly income to repay the loan. Additionally, from October 4, 2012, to the present, Plaintiffs have incurred approximately $55,000 in litigation costs. Plaintiffs' monthly expenses include a $40,000 loan to pay those expenses, and it appears that Plaintiffs will face a significant challenge just paying their own litigation costs.

The Court finds that imposition of costs under Federal Rule of Civil Procedure 54(d) would result in an undue financial burden on Plaintiffs. Accordingly, Defendants' Bill of Costs (Dkt. 351) is DENIED.

**IT IS SO ORDERED.**

DATED this 17th day of December 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

Mr. Hamilton's monthly social security benefits of $848. It is unclear whether the spreadsheet contains a typographical error or whether Mr. Hamilton enrolled in Medicare after the date of the supporting documentation. Regardless, the Court relies on the official documentation from the Social Security Administration and considers Mr. Hamilton's monthly social security benefit to be $848, rather than $758.

PAGE 4 – OPINION AND ORDER